**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

**In re:**

**RONALDA MIRANDA JOHNSON-MARBRA**
**PKA RONALDA M JOHNSON-COLEMAN,**

**DEBTOR.**

**CHAPTER 13**

**CASE NO. 19-36591-KLP**

**BAYVIEW LOAN SERVICING, LLC, A DELAWARE LIMITED LIABILITY COMPANY,**

**MOVANT,**

**vs.**

**RONALDA MIRANDA JOHNSON-MARBRA**
**and SUZANNE E. WADE, TRUSTEE,**

**RESPONDENTS.**

**ORDER GRANTING MODIFICATION OF STAY**

The Motion of the Movant, Bayview Loan Servicing, LLC, a Delaware Limited Liability Company, to amend the Automatic Stay having been properly served, and upon agreement by Counsel,

It appears that Debtor is in possession of a certain real property located at **2808 Executive Drive, Chester, VA 23831**, and more particularly described as follows:

> **All that certain lot, piece or parcel of land, with the improvements thereon and appurtenances thereto belonging, lying and being in Bermuda Magisterial District, Chesterfield County, Virginia and known and designated as Lot 20, Section 1, John Tyler Woods, on a certain plat entitled ªJohn Tyler Woodsº, made by J. K. Timmons and Associates, dated June 13, 1990, recorded September 4, 1990 in the Clerk's Office of the Circuit Court of Chesterfield County, Virginia in Plat Book 72, page 47 and 48, reference to which plat is herby made for a more particularly description of the property hereby conveyed.**
>
> **This conveyance is made subject to the restrictions, conditions, easements and agreements of record, if any, to the extent that same may lawfully affect the above real estate.**
>
> **Being the same premises conveyed to Ronalda Miranda**

Johnie R. Muncy, Esquire
Counsel for Movant
Samuel I. White, P.C.
Bar No. 73248
1804 Staples Mill Road
Suite 200
Richmond, VA 23230
(804) 290-4290
File No. 51156

**Johnson Coleman as sole surviving heir to the Estate of Richard Coleman, Jr. by that List of Heirs/Real Estate Affidavit recorded in Book 299 at Page 14 of the Chesterfield County Records.**

**Property Address:**
**2808 Executive Drive**
**Chester, VA 23831**
**Tax ID#<redacted>**

Upon consideration of the foregoing, it is **ORDERED**:

1. Debtor shall resume making all future regular monthly installment payments in the amount of $1,526.45, as they become due commencing July 1, 2020 pending further notice from the Movant.

2. The Debtor shall file a Modified Chapter 13 Plan within 21 days from the entry of this Order providing for cure of the post-petition arrearage currently due to the Movant by making payment through the Office of the Chapter 13 Trustee. Upon entry of this Order, Claim Number 10 of Movant shall be deemed amended to include the post-petition arrears in the amount of $11,389.70. The Trustee is authorized to disburse the additional post-petition arrears to the Movant, and the Movant may, at its option, file an amended or supplemental Proof of Claim to include the post-petition arrearage set forth herein. The arrearage is calculated as follows:

| Number of Payments | From | To | Monthly Payment Amount | Total Payments |
|---|---|---|---|---|
| 6 | 01/01/2020 | 06/01/2020 | $1,526.45 | $9,158.70 |
| Motion For Relief ± Legal Fees & Cost | | | | $1,031.00 |
| Bankruptcy Fee ± Proof of Claim | | | | $475.00 |
| Bankruptcy Fee ± Plan Review | | | | $475.00 |
| Bankruptcy Fee ± 410A Form Preparation | | | | $250.00 |
| Less post-petition partial payments (suspense balance): | | | | ($0.00) |
| | | | **Total:** | **$11,389.70** |

a. The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds.

b. All future payments made pursuant to the terms of this Order should be forwarded to the following address until further notice:

Bayview Loan Servicing, LLC
4425 Ponce De Leon Blvd
5th Floor
Coral Gables, FL 33146

3. In the event that any payment required by this Order is not received by the Movant within fifteen (15) days after it is due the Movant may mail a Notice of Default to the Debtor by first class mail, postage prepaid (and,

if it desires, also by certified or registered mail) with a copy to the Court, Counsel for Debtor and the Chapter 13 Trustee by first class mail, postage prepaid or by email at the same time as the Notice of Default is mailed to the Debtor. The Notice of Default will state in simple and plain language:

a. That the Debtor is in default in making at least one payment required under this Order;

b. The date(s) and amount(s) of each payment missed and any late charge or other fee necessary to cure the default;

c. The action necessary to cure the default, including any address to which payments must be mailed;

d. That the Debtor or Trustee must take one of the following actions within fourteen (14) days after the date of the mailing of the Notice of Default:

   i. Cure the default;
   ii. File an objection with the Court stating that no default exists; or
   iii. File an objection with the Court stating any other reason why an Order granting relief from the Automatic Stay should not be entered;

e. That if the Trustee or Debtor do not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the Automatic Stay without further notice to the Debtor; and

f. That if the Automatic Stay is terminated, the collateral may be sold at foreclosure.

If the Trustee or Debtor do not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this Order and that neither the Trustee nor Debtor have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft Order terminating the Automatic Stay.

If the Trustee or Debtor files an objection to the Notice of Default, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Counsel for Debtor and the Trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this Order with respect to regular monthly installment payments expire one year after the date of entry of this Order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of entry of this Order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until the automatic stay is terminated, Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in the incorrect amount.  Should Movant, at its option, accept a non-timely payment, it shall be without prejudice and shall not constitute a waiver of any default or of any of its rights pursuant to any other provisions contained within this Order.

6. The automatic stay is modified to permit the Noteholder or servicing agent to send the Debtor any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business, but otherwise such stay shall remain in full force and effect until further order of the court.

7. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court, Movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for the issuance of a Notice of Default, and additional attorney's fees not to exceed $100.00, for issuance of a Certificate of Default and preparation of an Order Terminating the Automatic Stay.

8. In the event of a default which results in the granting of relief, the Chapter 13 Trustee will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Claim filed by the Movant.

DATED: Jun 12 2020

/s/ Keith L Phillips

UNITED STATES BANKRUPTCY JUDGE

**NOTICE OF JUDGMENT OR ORDER**
**Entered on Docket**

Jun 12 2020

I ask for this:
By: **/s/JOHNIE R. MUNCY**
Michael T. Freeman, Esquire, Bar No. 65460
Johnie R. Muncy, Esquire, Bar No. 73248
Nisha R. Patel, Esquire, Bar No. 83302
Samuel I. White, P.C.
1804 Staples Mill Road
Suite 200
Richmond, VA 23230
Tel.: (804) 290-4290
Fax: (804) 290-4298

jmuncy@siwpc.com
Counsel for Bayview Loan Servicing, LLC, a Delaware Limited Liability Company

Seen and Agreed:

**/s/James E. Kane**
James E. Kane
Counsel for Debtor
1313 East Cary Street,
P.O. Box 508
Richmond, VA 23218-0508

**/s/Suzanne E. Wade**
Suzanne E. Wade
Chapter 13 Trustee
7202 Glen Forest Drive, Suite 202
Richmond, VA 23218-1780
19-36591-KLP

CERTIFICATE OF SERVICE

I hereby certify that this proposed Order is substantially in compliance with Standing Order Number 10-2, with the Court's informal instructions and that it has been endorsed by all necessary parties involved in this proceeding.

By: **/s/JOHNIE R. MUNCY**
Johnie R. Muncy, Esquire
Samuel I. White, P.C.

The Clerk shall mail a copy of the entered Order to the following:

Suzanne E. Wade
Chapter 13 Trustee
7202 Glen Forest Drive, Suite 202
Richmond, VA 23218-1780

James E. Kane
Counsel for Debtor
1313 East Cary Street,
P.O. Box 508
Richmond, VA 23218-0508

Ronalda Miranda Johnson-Marbra
Debtor
2808 Executive Drive
Chester, VA 23831